HOGUE *v.* BUNDY.

Opinion delivered May 18, 1925.

1.  MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.—Testimony *held* to sustain a finding of negligence on defendant's part in failing to instruct plaintiff, an inexperienced employee, how to operate a cut-off saw and in failing to keep a trestle near the saw was in a defective condition.

2.  DAMAGES—PERSONAL INJURIES—EXCESSIVENESS.—A verdict for $200 for loss of a finger, accompanied with considerable pain, *held* not excessive.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*Boyce & Mack,* for appellant.

*Gustave Jones,* for appellee.

McCULLOCH, C. J.    Appellant owns and operates a sawmill in Jackson County, and appellee was employed at the mill as a laborer. While working at a saw, one of appellee's fingers was cut off, and he has sued appellant to recover damages, alleging that the latter was guilty of negligence, the charge being that appellee was inexperienced in operating a saw of that kind, and was sent to work thereat without instructions or warning of danger, and also that a trestle, or "horse," as termed

by some of the witnesses, placed at the saw-table to lay slabs on, was illy constructed, or was not properly fastened to the floor so as to prevent its being pulled over. There was another charge of negligence in the complaint with respect to failure to place a guard on the saw, but it appears that that charge has been abandoned.

It was a cut-off saw at which appellee was working when injured. The saw was suspended above a table, and worked on the end of a rod, so that it could be pulled forward by the operator and brought in contact with the slab of timber which was being sawed. The saw swung across the table, and was about the middle of the table, something like four feet from the end. An ordinary carpenter's trestle, or "horse," was placed three feet from the table, and an end of the slab of timber being sawed was placed on the trestle, the other end extending over the table, in front of the saw. While in this position the operator would swing the saw forward and bring it in contact with the slab at the place where it was being sawed off, and, when the process of sawing the slab was completed, the saw was released, and it swung back to the other side of the table.

Appellee had been working at the mill for some time, but was engaged only in rough labor, such as carrying off stuff from the saws. He had never worked in the operation of the saw before the day in question, and there was a shortage of labor, and he claims that appellant directed him to go to work at the cut-off saw. There is a conflict on this point, as well as all other material points, as appellant himself and other witnesses testified that appellee was not directed to work at the cut-off saw, but was merely sent over to assist in carrying the slabs to the saw and in carrying away the pieces when sawed off. Appellee testified that, when he went to work at the saw, he laid a long slab across the table, with one end resting on the trestle, and that, as he pulled the slab forward and drew the saw across the table to bring it into contact, the trestle either collapsed and fell

down or was pulled over, causing the end of the slab next to the saw to suddenly rise, and that it carried his hand with which he was holding the slab against the saw, and cut his finger off. He testified that the trestle was not fastened to the floor, and that he was not aware of that fact at the time he was sent to work at the saw, and was given no instructions concerning the method of doing the work or of the danger attending the work at that place. Appellee was corroborated by the testimony of other witnesses, but appellant and witnesses introduced by him testified to a wholly different state of facts. The testimony adduced by appellant tended to show that appellee was not sent to work at the saw, and that he voluntarily attempted to operate the saw without directions, that the trestle, or "horse," was not defective in any way, and that, if it turned over at all, it was caused by appellee's own negligence. The verdict of the jury was in favor of appellee for the recovery of damages in the sum of $200, and it is contended here— the only grounds assigned for reversal—that the evidence is not sufficient to sustain the verdict.

We do not undertake to say where the weight of the testimony lies, but it is apparent that the evidence was legally sufficient to sustain the verdict. The testimony introduced by appellee tends to show that he was inexperienced in working at the cut-off saw, that he was given no instructions as to the proper method of work, nor any warning of the danger, and that, as he pulled the slab forward in an effort to bring it in contact with the saw, the trestle either fell down on account of being improperly constructed or that it was pulled over on account of its not being fastened to the floor, and that this was the cause of appellee's hand being brought into contact with the saw. The testimony was sufficient to sustain the charge of negligence in failing to give appellee proper instructions and also in failing to properly construct the trestle and fasten it to the floor and keep it in a reasonably safe condition.

There is no contention that the damages awarded are excessive. Appellee lost a finger and suffered considerable pain, and the sum allowed by the jury is not excessive.

Judgment affirmed. ·